## Samuel Estate

*Parke H. Ulrich*, for appellant.

*Richard N. Spare*, Special Attorney General, for Commonwealth.

TAXIS, P. J., October 11, 1966.—This matter comes before the court upon an appeal from inheritance tax appraisement by executrix of the estate of Donald G. Samuel, deceased: Inheritance and Estate Tax Act of June 15, 1961, P. L. 373, sec. 1001(3).

There is no factual dispute involved in the present appeal; the parties have stipulated the facts as follows:

Donald G. Samuel died on April 7, 1965, and letters testamentary were granted to his widow, Edith E. Samuel, on June 2, 1965. On July 6, 1965, executrix filed her inheritance tax form, in which she listed personal property totalling $4,586.94 as taxable and then added the following notation. Because of the importance of this notation, it is set out in full.

"Information purposes only:

"E. J. Lavino & Company Profit Sharing Plan No. 95085 payable to widow. Girard Trust Bank, Trustee —$26,399.48 Exempt under section 316 of Inheritance Tax Act of 1961. See also DeVenuto Estate, 84 Montg. Co. L. R. 359 (1964) Counsel for E. J. Lavino, Hart, Childs, Hepburn, Ross and Putnam state that above plan not taxable under section 316 and under above cited case".

The inheritance tax appraiser, on July 22, 1965, (16 days after the return was filed) entered an appraisement (section 706) and gave formal notice of the appraisement as required (section 709) appraising as taxable only the $4,586.94, and did not list as a taxable asset the profit sharing plan. Shortly thereafter, the tax imposed was paid in full by executrix.

On November 19, 1965, a supplemental appraisement was filed by the Commonwealth, which included this profit sharing trust plan as a taxable asset and imposed a tax. On December 1, 1965, the taxpayer appealed and now contends that in these circumstances, the Commonwealth is barred from a supplemental ap-

praisement as entered by the appraiser on November 19, 1965.

It is quite clear to the court that the marginal notation "Information purposes only", as set forth above, fairly indicates and makes a full disclosure of the profit sharing trust and the specific amount received by the widow thereunder. There was nothing further the taxpayer could have done to make such disclosure, and the taxpayer's duty of disclosure under section 701 has been fully discharged. Indeed, section 701 encourages just such disclosure by stating that it will not constitute an admission of taxability. With this information before him, the tax appraiser had at least six months (section 706) within which to determine whether this profit sharing trust was or was not taxable, but instead entered an appraisement 16 days after the tax return was filed. If the Commonwealth decided that the taxpayer erroneously excluded this profit sharing trust as a taxable asset of this estate, it had 60 days from July 22, 1965, to complain about the assessment which they made. Section 1001 specifically provides that:

"Any party in interest, *including the Commonwealth* . . . within sixty (60) days . . . of the action complained of . . . may . . . appeal to the court. . . ." (sections 1001 and 1001(3)) (Italics added.)

See Grossman & Smith, Pa. Inheritance and Estate Tax, §1001-4, page 488.

On September 22, 1965, therefore, the right of the Commonwealth to appeal their own appraisement of July 22, 1965, expired and they had no further right to file a supplemental appraisement after that date.

This is not a case of "fraud, accident or mistake" which might permit a "correction" in the appraisement, but to the contrary, there has been a full disclosure by the taxpayer and a formal appraisement *based upon such disclosure* which has become final by

reason of lapse of time. Further, the status given the Commonwealth under section 1001 to appeal from its own appraisement has substantially diminished the usefulness of the "fraud, accident or mistake" doctrine which existed under the prior law.

In a situation as presented by this case, it would seem prudent for the Commonwealth and its tax appraiser to avail themselves of the time within which an appraisement should be made (namely, six months) where necessary to resolve, before appraisement, the tax status of such marginally noted assets. In this case, however, the tax appraiser acted hastily and was not misled in any manner by the nature of the disclosure of the profit sharing assets. The Commonwealth has not taken an appeal within the appropriate time provided in such cases and, therefore, the supplemental appraisement entered on November 19, 1965, is a nullity, is stricken, and the appeal is sustained.

In light of this disposition of the case, the merits of this controversy (i.e. the tax status of the Lavino Profit Sharing Trust), although intriguing and interesting, are not ripe for a ruling by this court. Any such ruling would be in the nature of an advisory opinion.

And now, October 11, 1966, the appeal is sustained and the supplemental appraisement is stricken.